## PHARO & FAULKENBURG v. PARKER.

If one of two joint debtors only is summoned, and he alone appears and makes defence in the names of both before the Justice, he may appeal in the name of both, without summons and severance, if it does but appear *positively* that his co-defendant refuses to join in the appeal. (The case of *Montgomery* v. *Reynolds*, 2 *Green* 282, commented on.)

---

On application for Mandamus to Burlington Common Pleas to reinstate an Appeal.

Argued January Term, 1848, before Justices WHITEHEAD and RANDOLPH, sitting in the Branch Court.

*Stratton*, and *P. D. Vroom*, for Appellants

*R. D. Spencer*, for Appellee.

The opinion of the court was delivered by

WHITEHEAD, J. The appeal in the case was taken by Pharo in the names of himself and Faulkenburgh, his co-defendant. Faulkenburgh was not present at the trial, nor did he sign the appeal bond; and the Court of Common Pleas being of opinion that he could not appeal, and no rule for severance having been taken, dismissed the appeal.

The defendants were sued before the Justice as joint debtors. The summons was served only on Pharo, the other defendant having been returned, not found. Under the provisions of the act entitled "An act concerning obligations, and to enable mutual dealers to discount," (*Rev. Stat.* 802 § 3,) the service of the summons upon one of the defendants was an authority for the Justice to proceed against the two in the same manner as if the process had been sued on both. The defendant, Pharo, appeared and made defence in the names of both defendants. Under these circumstances, the question is presented, whether Pharo was regularly before the Court of Common Pleas, and entitled to a trial without a rule that the defendant, Faulkenburgh, be summoned and severed.

The common law doctrine of summons and severance upon writs of error in personal actions, has been held applicable to writs of *Certiorari* to justices' courts and to appeals. 4 *Halst.* 8. The proceeding at common law has application only to cases where one of several plaintiffs in error refuses to appear and join in error. *Arch. Practice* 231–2, and the cases there cited. 2 *Sellon's Practice*, 404. There must be something more than mere neglect; there must be an affirmative refusal on the part of one of several plaintiffs in error, to authorize this proceeding. The case of *Montgomery's Executors* v. *Reynolds*, 2 *Green* 282, is relied upon as sustaining the action of the Court of Common Pleas in dismissing the appeal. The suit in that case was against four defendants, one of whom only appeared before the justice and made defence. A *Certiorari* was prosecuted in the names of all, and a rule obtained, that the one who appeared before the justice be summoned and severed. The court saw it was a mixed case, the defendant who appeared and made defence having a right to appeal, and the other defendants

having the right to prosecute their *Certiorari*. This is an anomalous proceeding, and if sustained, must involve parties in serious difficulties. If the defendant who does not appear, removes the proceedings to this court by *Certiorari*, how can the defendant who appeared and made defence afterwards, take an appeal? Or if, while the cause is pending in the Court of Common Pleas, on appeal, how can the defendant proceed by *Certiorari?* If, however, this difficulty could be overcome, and the same judgment could be pending at the same time in the Court of Common Pleas on appeal taken by the defendant who appeared, and in this court upon *Certiorari* prosecuted by the defendant who did not appear, the mode of trial in the two courts is altogether different. In one case there is a trial *de novo*, upon the merits; in the other, legal errors, apparent upon the proceedings, only, are corrected. If the Court of Common Pleas, upon appeal, should affirm the judgment below, it is an affirmance against all the defendants; and if this court should reverse the same judgment upon *Certiorari*, it is a reversal against all. What can be the course of proceedings under such circumstances? Which judgment is to be enforced? This case in 2 *Green*, is based upon the decision of the court in 4 *Halst.* 8, for the court say, in speaking of the judgment against Montgomery's executors, that " *it is evidently a mixed case, the principle of which seems to be fully settled in that of Shepard & Williams* v. *Fenton. It was held not a judgment by default in that defendant who appeared, and he was allowed to appeal, which of necessity must be in the names of both; but the other defendant who did not appear, must be summoned and severed.*" It is manifest that the learned judge who delivered the opinion of the court in this case misapprehended the facts of the case in 4 *Halst.* It is not correct that one of the defendants in the case, reported in 4 *Halst.* did not appear, for the court say that Shepard appeared in the Court of Common Pleas in the name of himself and Williams, *who had appeared*, but made no defence on the trial before the Justice. Besides, the Court of Common Pleas did not put their decision dismissing the appeal upon the ground of the absence of Williams, who did not join in the appeal bond, but upon the fact that he made no defence at the trial.

The Common Pleas, (it is reported) "*being of opinion* that, although one of the defendants made no defence, the other defendant could not appeal," dismissed the appeal. If Williams was present at the trial before the justice, although he made no defence, he might legally have appealed. *Rev. Stat.* 242, § 43. The necessity for a severance in that case therefore, was not founded, as was supposed by the Court, in 2 *Green*, upon the fact that Williams did not appear, but it must have been upon the ground of his refusal to join in prosecuting the appeal. The Court applied to cases of appeal, the common law practice of summons and severance in error. In the opinion of the court the practice would apply to cases of appeal under the same circumstances as in writs of error, but in the latter case a party is only severed when he refuses to join in prosecuting the writ of error.

In this case, as one of the defendants appeared, and in good faith made defence in the names of both, and appealed in the names of both, and there being no evidence that Faulkenburgh refused to join in prosecuting the appeal, I think the court erred in supposing there was a necessity for a summons and severance, and on that account dismissing the appeal.

SEE *page* 725. CITED *in Vanbuskirk* v. *Hoboken & N. Y. R. R. Co.*, 2 *Vr.* 369.